## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

SUSAN FLAHERTY, ROBERT FLAHERTY
and DANIEL FLAHERTY

*Plaintiffs,*

v.

AMIGOS DEL MAR LTD. d/b/a AMIGOS
DEL MAR DIVE SHOP, Amigos Del Mar Ltd.
as owners of the vessel M/V PAPA CHANGA,
JOHN ROMERO, MAVERICK AVARELLO,
and ALBINO "CHANGA" PAZ.

*Defendants.*

**CIVIL ACTION NO. 20-CV-11485**

### PLAINTIFF'S MOTION TO VACATE DEFAULT JUDGMENT

### INTRODUCTION

Defendant Amigos Del Mar Ltd. d/b/a Amigos Del Mar Dive Shop ("Amigos") brings
this motion under Federal Rule of Civil Procedure 60(b)(4) to vacate the default judgment
entered against Amigos. The grounds for this motion are that the judgment is void for two
reasons: (1) the Court lacked personal jurisdiction over Amigos; and (2) the Court lacked
maritime (subject matter) jurisdiction under 28 U.S.C. § 1333(1).

Personal jurisdiction did not exist as Plaintiffs failed to demonstrate that the exercise of
jurisdiction over Amigos comported with the Massachusetts long-arm statute and the strictures of
the U.S. Constitution. This is because Plaintiffs had no contact with Amigos before arriving in
Belize, Amigos did not purposely avail itself of the laws and protections of Massachusetts, and
assertion of personal jurisdiction over Amigos was not and would not be fair or just. Maritime

1

jurisdiction did not exist because the alleged injury did not occur in navigable waters of the United States and because the alleged tort has no connection with maritime activities.

This Court must vacate the default judgment and the amended default judgment.

## BACKGROUND

Plaintiffs filed their complaint on August 6, 2020, and their First Amended Complaint on August 19, 2020.[1] Plaintiffs alleged that Susan Flaherty was injured on May 21, 2019, when she went scuba diving in Belize on a trip arranged by Amigos. Amigos was served in Belize[2] but did not enter an appearance or respond to the First Amended Complaint. The Court entered a default against Amigos on June 21, 2021, and ordered Plaintiffs' counsel to give notice to Amigos.[3]  The docket does not reflect that notice was given.

On October 21, 2021, the Court held a hearing on the assessment of damages.[4]  In support of their position regarding personal jurisdiction, Plaintiffs submitted the following evidence:

A declaration by Robert Flaherty in which he stated that "Our friend, Anthony Carballo ("Tony"), with whom we had dived, boated, and fished while he was employed by other companies, had taken employment as a dive master at Amigos. We chose to dive with Amigos on May 21, 2019 due to this personal connection with Tony."[5]

A declaration by Susan Flaherty in which she stated that she (1) was solicited to participate in and attend the scuba diving trip by Tony, a dive master and one of Amigos' employees; and (2) she exchanged Facebook messages on April 2, 2019 with Tony about the cost

---

[1] Doc. 1, 5.
[2] Doc. 7.
[3] Doc. 14.
[4] Doc. 30.
[5] Doc. 19 at 2.

of Amigos' diving services and negotiated the price for group diving discounts while in her home

in North Andover, Massachusetts. The content of those messages were as follows:

Susan: You still with Ambergris [Divers]

Tony: I think I am finally making the grass greener. Amigos del mar. Patajos brother.

Susan: That's so good to hear you so positive you had such a rough time last year.

Tony: Last year with like an earthquake for me. But I'm happy now. [smiley faces] Going to keep growing.

Susan: That makes me so excited for you.

Tony: Mama I wanna thank you for always showing me love.  You've helped me so much. THANK YOU.

Susan: Your (sic) easy to love.

Tony: [heart emojis]

Susan: 59 days!! And I'll be there to give you a big hug.

Tony: can't wait mama bear.

Susan: what does Amigos charge for diving?

Tony: [attaches 2 pictures of Amigos price list] They do package deals too.  I can ask some more.

Susan: Does he do cash discounts?

Tony: Yes

Susan: Nice can we request you and does he take small groups if it's not busy.

Tony: I'll ask 2morrow and get back to you.

Susan: [thumbs up emoji]

Tony: thanks mama

Susan: did you check on the questions for diving.

Tony: yes mama there is cash deals and I will dive with you

Susan: sweet

Tony: [happy face emojis]

3

Susan: I may need help getting back in the boat with my knee

Tony: no problem mama bear

Susan: I know Daniel is going to be excited to dive with you

Tony: I'm excited.[6]

At the hearing, the Court noted that it had a concern about personal jurisdiction, but as there had been no motion to dismiss, the Court would proceed to assess damages.[7]

The Court entered a default judgment against Amigos on November 17, 2021, and an amended default judgment against Amigos on February 23, 2022. All other defendants were dismissed.[8]

## ARGUMENT

A federal court's jurisdiction requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction). *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577 (1999). Here, the Court lacked both personal jurisdiction over Amigos and subject matter jurisdiction. This motion to vacate must therefore be granted.

### I.    A Void Default Judgment Must Be Vacated

FRCP 60(b)(4) provides that a court may relieve a party from a final judgment where the judgment is void. There is no time limit on Rule 60(b)(4) motions. *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002).

A judgment is void within the meaning of F.R.C.P. 60(b)(4) where the court lacked personal jurisdiction or subject matter jurisdiction and therefore acted in a manner inconsistent with due process of law. *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 67 (1st

---

[6] Doc.18 at 1 and Exhibit A.
[7] Doc. 37 at 4, lines 3-6.
[8] Doc. 21.

Cir. 2003); *Sonus Corp. v. Matsushita Elec. Indus. Co.*, 61 F.R.D. 644, 649 (D. Mass. 1974).

Where the judgment is void for lack of personal jurisdiction, the district court has no discretion

but to set aside the judgment. *Sea-Land Serv., Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852

(1st Cir. 1998); *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988).

## II.     The Court Lacked Personal Jurisdiction Over Amigos

### A. Due Process Requires that Plaintiffs Prove Amigos Had Minimum Contacts with Massachusetts

There are two forms of personal jurisdiction: general and specific. General jurisdiction

exists when the defendant has engaged in "continuous and systematic activity," unrelated to the

suit, in the forum state. In contrast, specific jurisdiction is narrower and exists when the

plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state.

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Martha's Vineyard

Scuba Headquarters, Inc. v. McCluskie*, 922 F. Supp. 2d 150, 154 (D. Mass. 2013).

Here plaintiffs alleged specific personal jurisdiction.[9] In *International Shoe Co. v.

Washington*, 326 U.S. 310, 316 (1945), the Supreme Court set the Constitutional requirements

for specific personal jurisdiction:

> (D)ue process requires only that in order to subject a defendant to a judgment in
> personam, if he be not present within the territory of the forum, he have *certain
> minimum contacts* with it such that the maintenance of the suit does not offend
> 'traditional notions of fair play and substantial justice.' (emphasis added)

This restriction is not merely a protection against inconvenient litigation; it is "a

consequence of territorial limitations on the power of the respective States." *Hanson v. Denckla*,

357 U.S. 235, 251 (1958).

---

[9] Doc. 5, ¶¶ 10-17.

The Massachusetts long-arm statute reaches to the full extent that the Constitution allows. The Court can therefore proceed to apply the Constitutional analysis. *Sawtelle v. Farrell*, 70 F.3d 1381, 1388 (1st Cir.1995); *Martha's Vineyard Scuba Headquarters, Inc.*, *supra*, 922 F.Supp.2d at p. 153–54.

## B. Plaintiffs Have Not and Cannot Satisfy First Circuit Standards for Personal Jurisdiction

It is plaintiff's burden to demonstrate the existence of every fact required to satisfy the forum's long-arm statute and the Due Process Clause of the Constitution. *United States v. Swiss Am. Bank, Ltd*., 274 F.3d 610, 618 (1st Cir. 2001); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995); *Ealing Corp. v. Harrods Ltd.,* 790 F.2d 978, 979 (1st Cir. 1986). The plaintiff must proffer evidence of the specific facts upon which she relies to establish personal jurisdiction. *Swiss American Bank, Ltd.*, *supra*, 274 F.3d at p. 619. To meet that requirement, the plaintiff must "go beyond the pleadings and make affirmative proof." *Ibid.* (quoting *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp*., 987 F.2d 39, 44 (1st Cir.1993). "[P]laintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction." *Boit v. Gar–Tec Prods., Inc*., 967 F.2d 671, 675 (1st Cir.1992).

The First Circuit employs a tripartite analysis to determine whether specific jurisdiction is appropriate.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Foster-Miller, Inc.*, *supra*, 46 F.3d at p. 144

The first criteria – a relationship among the defendant, the forum, and the litigation – is the essential foundation of specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A.*, *supra*, 466 U.S. at p. 414.  Although this requirement is "the least developed prong of the due process inquiry," it serves the important function of focusing the court's attention on the nexus between *a plaintiff's claim* and the *defendant's contacts with the forum*. *Sawtelle*, *supra*, 70 F.3d at p. 1389 (quoting *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir.1994). Where, as here, plaintiffs' claims sound in tort, to determine relatedness, a court "must probe the causal nexus between the defendant's contacts [in the forum state] and the plaintiff's cause of action." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir.1999).

Analysis of the first criteria must "begin by identifying the alleged contacts, *since there can be no requisite nexus between the contacts and the cause of action if no contacts exist*." *Swiss American Bank, Ltd.*, *supra*, 274 F.3d at p. 621 [emphasis added]. Such is the case here. There were no acts of Amigos in the forum state. No one at Amigos ever reached out to or had any communications with any of the Plaintiffs while they were in Massachusetts about a dive trip in May 2019 or any other time.[10]  No one at Amigos negotiated or reached any agreement with any of the Plaintiffs while they were in Massachusetts about a dive trip in May 2019 or any other time.[11] In fact, the first time anyone at Amigo had any contact with Plaintiffs was when they arrived at the dive shop on May 21, 2019.[12]  Amigos did not "reach into" the forum through any form of contact. *See id.* at p. 622.  By definition the first criteria cannot be satisfied. See *Pickens v. Hess*, 573 F.2d 380, 386 (6th Cir. 1978), cited with approval by *Sawtelle*, *supra*, 70 F.3d at p.

---

[10] Declaration of Krista Paz ("Paz Dec."), ¶ 7.
[11] Paz Dec., ¶ 8.
[12] Paz Dec., ¶ 9.

7

1386 (holding that there was no personal jurisdiction over defendants where cause of action did not arise from any acts of the defendants in the forum state).

In support of their assertion of jurisdiction, Plaintiffs alleged that, while in Massachusetts, Susan communicated about scheduling and the price of the dive trip with Tony, who she alleged was an employee of Amigos.[13] But Tony was not an employee of Amigos, and Susan's Facebook messages with Tony - attached as Exhibit A to her Declaration - belie her assertion that he was.  First, Susan wanted to dive with Tony and did not know or seem to care where Tony worked, as she asked if Tony still worked for Ambergris Divers. Second, Susan's messages reveal that she knew Tony was not representing Amigos. She did not ask Tony "what do *you* charge for diving" but asked "what does *Amigos* charge for diving." She did not ask Tony "do *you* do cash discounts" but asked "does *he* do cash discounts." She also asked if "he" takes small groups to which Tony responded that he would "ask." Third, all of these communications were with Tony on his personal Facebook account.[14] Finally, Susan separately paid for Tony to accompany her as her personal assistant and dive buddy. [15] She therefore must have known that he was not employed by Amigos. Plaintiffs' own evidence makes clear that the first criteria is not satisfied.

The truth is that Tony was not an Amigos employee (and was not even a dive master).[16] He was never authorized to represent Amigos with respect to arranging or pricing scuba dive trips.[17] Rather, Tony occasionally worked as an independent contractor for Amigos as a boat

---

[13] Doc. 18 at 1.
[14] Doc. 18 at 1, Exhibit A.
[15] Paz Dec., ¶ 9.
[16] Paz Dec., ¶¶ 2, 5.
[17] Paz Dec., ¶ 3.

captain.[18] Tony asked Amigos for its prices and was given the prices that are available to the public. These are the prices Tony shared with Susan.[19] The Court must conclude that the first criteria is not satisfied.

The second criteria – purposeful availment – stems from the Supreme Court decision in *Hanson v. Denckla, supra*. *Hanson* made clear that only the defendant's purposeful activities in the forum state, and not the plaintiff's actions, can justify the exercise of jurisdiction.

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson*, *supra*, 357 U.S. at p. 253.

To prove purposeful availment, the plaintiff must show that the defendant *expressly aimed the act at the plaintiff*, knowing it would be felt by the plaintiff *in the forum state*. *Martha's Vineyard Scuba Headquarters, Inc., supra*, 922 F.Supp.2d at pp. 155-156 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being hauled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

As Robert Flaherty stated, plaintiffs had become friendly with Tony on prior trips to Belize and wanted to dive with him due to their personal connection.[20] Ms. Flaherty reached out to Tony on his personal Facebook page because she wanted to dive with Tony, regardless of what

---

[18] Paz Dec., ¶ 4.
[19] Paz Dec., ¶ 6.
[20] Doc. 19 at 2.

dive company he used. Ms. Flaherty stated that she was solicited by Tony, but that is simply not true  - her own Facebook messages confirm that she reached out to him.[21] As noted above, Amigos had no contact with plaintiffs before they arrived in Belize.[22] In short, Amigos did not avail itself of the protections of the law of Massachusetts and could not have reasonably anticipated that it would be sued in Massachusetts federal court.[23]

Plaintiffs also did not and cannot demonstrate that personal jurisdiction over Amigos would be fair or just in this matter. To evaluate whether the exercise of personal jurisdiction would be reasonable or would offend traditional notions of fair play and substantial justice, the Court considers the "Gestalt factors": 1) the burden on the defendant of appearing, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the judicial system's interest in obtaining the most effective resolution of the controversy and 5) the common interests of all sovereigns in promoting substantive social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Here, it would have been extremely difficult and costly for Amigos to appear and defend a suit in Massachusetts, as the company is located solely in Belize and its owners are all citizens

---

[21] Doc.18 at 1 and Exhibit A.

[22] Paz Dec., ¶¶ 6-9.

[23] Plaintiffs cannot rely on their unsupported allegation in the First Amended Complaint that "Amigos had also repeatedly availed itself to customers and interested dive participants throughout the United States, including the Commonwealth, by marketing themselves over Facebook, YouTube Case, and Yelp and solicited and communicated with customers and prospective customers in the Commonwealth." As noted above, a plaintiff cannot rely on unsupported allegations in the pleadings to prove personal jurisdiction. *Boit v. Gar-Tec Prods., Inc., supra,* 968 F. 2d at p. 671.  Moreover, "[A] defendant's maintenance of a passive website does not support the exercise of personal jurisdiction over that defendant in a particular forum just because the website can be accessed there." *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 550 (7th Cir. 2004). See also *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 60 (1st Cir. 2016); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 714 (4th Cir.2002); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1297 (10th Cir.1999); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 337 (5th Cir.1999).

of Belize.[24] Moreover, these proceedings occurred during the Covid pandemic, when Belize was completely shut down and international travel was prohibited, making it literally impossible for Amigos be present to defend itself against the many false allegations asserted by Plaintiffs.

Furthermore, Massachusetts has a *de minimis* interest in adjudicating this matter because the alleged tortious act plainly occurred outside of this jurisdiction. *Ticketmaster-New York, Inc.*, *supra*, 26 F.3d at p. 211 ("interest in litigation sub judice is arguably lessened by doubts surrounding whether defendant's acts can be said to have been committed in the forum.").

While it may have been more convenient for Plaintiffs to litigate in this Court, Plaintiffs' convenience does not outweigh the overwhelming burden litigation would place on Amigos or the Court's scant interest in adjudicating this matter. The Court should find that subjecting Amigos to jurisdiction in Massachusetts was improper. See *Martha's Vineyard Scuba Headquarters, Inc.*, *supra*, 922 F.Supp.2d at p. 156.

Since none of the First Circuit's three criteria for asserting limited personal jurisdiction are satisfied, this Court must vacate the default judgment and the amended default judgment.

## III.   The Court Lacked Subject Matter Jurisdiction

Plaintiffs asserted that "[t]his case invokes the Court's maritime jurisdiction pursuant to 28 U.S.C. §1333(1) because it involves personal injuries which occurred on the high seas in navigable waters during a recreational scuba dive off the coast of San Pedro, Belize."[25] By plaintiffs' own allegations, there was no maritime jurisdiction.

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with

---

[24] Paz Dec., ¶7.
[25] Doc. 5, ¶5 [emphasis added].

maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co*., 513 U.S. 527, 534 (1995). The location test requires proof that the tort occurred on navigable waters. The connection test raises two issues. First, plaintiffs must prove that the incident has a potentially disruptive impact on maritime commerce.  Second, plaintiffs must prove that the general character of the activity shows a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc.*, *supra*, 513 U.S. at p. 534

   As to the first requirement – location  - maritime law generally governs only those torts occurring on the navigable waters of the United States. *Victory Carriers, Inc. v. L.*, 404 U.S. 202, 205 (1971). Since the tort alleged by plaintiffs occurred in the navigable waters of Belize, this Court should not have exercised maritime jurisdiction. See *Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 547 (E.D. Va. 1996) (no maritime jurisdiction where plaintiff was injured in a snorkeling access off the coast of Mexico).

   Plaintiffs also cannot satisfy the second requirement – connection with maritime activity. In a remarkably similar case, the Fifth Circuit concluded that the family of a scuba diver in Belize could not prove maritime jurisdiction in a negligence action brought in Mississippi.  In *Delgado v. Reef Resort Ltd*., 364 F.3d 642, 646 (5th Cir. 2004), plaintiffs argued that the scuba diver's death was connected with maritime activity because 1) he was transported to the dive site by a vessel, 2) improper preparations were made for the dive, many of which would or should have occurred on the vessel on the way to the dive, 3) the negligence of the dive crew caused disruption of maritime commerce because it generated distress calls, and 4) at the time of his death the diver was being supervised by members of the vessel's crew. The Court rejected plaintiffs' position, concluding that "[t]he activity surrounding the recreational scuba diving activity in this case did not affect maritime commerce, and these activities are not connected with

traditional maritime activity." *Ibid. Compare Kuntz v. Windjammer Barefoot Cruises, Ltd.,* 573 F. Supp. 1277, 1280 (W.D. Pa. 1983)*, aff'd sub nom. Kuntz v. Windjammer "Barefoot" Cruises, Ltd.,* 738 F.2d 423 (3d Cir. 1984)*, and aff'd sub nom. Appeal of Windjammer "Barefoot" Cruises, Ltd.,* 738 F.2d 426 (3d Cir. 1984) (admiralty jurisdiction exists over wrongful death suit brought by family of scuba diver where a *commercial cruise vessel* in navigable waters (Windjammer) provided, promoted, conducted and supervised the scuba dive).

## CONCLUSION

For the foregoing reasons, the default judgment and amended judgment must be vacated.

## REQUEST FOR ORAL ARGUMENT

Defendant Amigos Del Mar Ltd. d/b/a Amigos Del Mar Dive Shop respectfully requests that the Court hold oral argument on this motion.

Dated:  February 27, 2024       By:  /s/   Mala M. Rafik

> Mala M. Rafik
> ROSENFELD & RAFIK, P.C.
> 184 High Street, Suite 503
> Boston, MA  02110
> Tel: (617) 723-7470
> Fax: (617) 227-2843
> mmr@rosenfeld.com
>
> Lisa S. Kantor, *Pro Hac Vice Pending*
> KANTOR & KANTOR, LLP
> 19839 Nordhoff Street
> Northridge, CA 91324
> Tel: (818) 886-2525
> Fax: (818) 350-6272
> lkantor@kantorlaw.net
>
> *Attorneys for Defendants*
> AMIGOS DEL MAR LTD dba Amigos
> Del Mar Dive Shop

13

## RULE 7.1 CERTIFICATION

Counsel for Mr. Abi-Aad certifies that she conferred with counsel for the Defendants, who do not assent to the relief sought in this Motion. *See* Declaration of Lisa S. Kantor.

/s/ Lisa S. Kantor
Lisa S. Kantor

## CERTIFICATE OF SERVICE

I, Mala M. Rafik, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2024.

/s/ Mala M. Rafik
Mala M. Rafik, Esq., BBO #638075